UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Scott M. Sheedy,** | ) | CASE NO. 1:21 CV 1086 |
| | ) | |
| Plaintiff, | ) | JUDGE PAMELA A. BARKER |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| **Rick Smith,** *et al.*, | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

*Pro se* Plaintiff Scott M. Sheedy, a resident of Maine, filed this action against Rick Smith and Tyler Seitz, both residents of Ohio. In the Complaint, Plaintiff alleges that Seitz misrepresented and failed to disclose fully the condition of a truck Plaintiff purchased online from 440 Auto Sales. He asserts a claim for misrepresentation under 18 U.S.C. § 1001. He does not specify the relief he seeks; however, he asks the Court to consider bringing criminal charges against the Defendants. The Defendants responded with a Motion to Dismiss under Federal Civil Procedure Rule 12(b)(6) (Doc. No. 4).

**BACKGROUND**

Plaintiff indicates that in April 2020, he viewed an online advertisement for a 2008 F250 truck that was being sold "As Is" by 440 Auto Sales, located at that time in Berea, Ohio. He called 440 Auto Sales and spoke with Defendant Seitz, who confirmed that the vehicle was still available. Plaintiff asked if the purchase could be completed by mail and the vehicle shipped to Maine as the COVID-19 pandemic travel restrictions made completing the transaction in person difficult. Over the next several days, Plaintiff and Seitz exchanged telephone calls and documents

1

necessary to complete the purchase. Plaintiff claims he asked Seitz specific information about the truck's condition and drive-ability. He claims he directly asked on two occasions about the brakes, stating the truck was for his wife and he wanted to guarantee her safety. He contends Seitz told him that he had driven the truck personally and, in his opinion, the brakes were fine. Plaintiff contends that the written advertisement stated that all vehicles are inspected, and necessary repairs are done prior to being offered for sale. Plaintiff does not allege what he paid for the truck.

Plaintiff contends that when he received the truck in Maine, he discovered that it was undriveable. There are no operable seat belts in the truck, and the engine warning light came on immediately when the key turned in the ignition. He then had the truck transported to a Maine State Inspection Station. There, the inspector found at least 25 mechanical deficiencies totaling almost $ 5,000.00 in repairs that needed to be done before the truck would pass inspection. In addition, the inspector determined that the truck bed was repaired using 2 x 4 lumber pieces joined together with poor welding. The entire truck bed would need to be replaced at an additional cost of $ 2,500.00.

Plaintiff alleges he contacted Seitz and described the condition in which the truck had been received. He stated that it lacked basic safety features allowing it to be driven and indicated he was rejecting the delivery and returning the truck. Plaintiff alleges that Seitz reminded him that the truck was sold "As Is" and told him that all sales were final. He claims Seitz also told him that they were moving in two days so "good luck finding us." (Doc. No. 1 at 2).

Plaintiff asserts claims against the Defendants under 18 U.S.C. § 1001, which provides criminal penalties for anyone who makes materially false, fictitious, or fraudulent statements or representations in any matter within the jurisdiction of the executive, legislative, or judicial

2

branches of the United States Government. The Defendants filed a Motion to Dismiss under Federal Civil Procedure Rule 12(b)(6) (Doc. No. 4) asserting that 18 U.S.C. § 1001 is a criminal statute that does not provide a private right of action in a civil case.

Plaintiff filed an Answer to the Defendant's Motion to Dismiss (Doc. No. 7) stating that there are material issues of fact that need to be resolved and asking the Court to deny the Motion to Dismiss. He contends the repair estimates for the vehicle far exceed the purchase price, which he still does not disclose. He cites to *Barksdale v. Van's Auto Sales, Inc.*, 38 Ohio St. 127 (1988) in which the Supreme Court of Ohio held that although the "as is" language in a sales agreement negates an implied warranty on a used car, verbal representations by sales staff that the vehicle's transmission was in good working order created an express warranty under Ohio Rev. Code §1302.26 upon which the buyer could rely. He then states that while he asked that this Court consider bringing criminal charges against the Defendants, he is pursuing a civil action.

Defendants responded to Plaintiff's Answer with a Reply in Support of their Motion to Dismiss (Doc. No. 8). They contend Plaintiff's Complaint fails to comply with federal notice pleading requirements of Federal Civil Procedure Rule 8 because the Complaint does not contain a demand for specific relief. They next claim that this Court lacks subject matter jurisdiction. They contend that jurisdiction cannot be based on diversity of citizenship because both Defendants are from Ohio and diversity is not complete. They also contend the amount in controversy has not been established. They state that jurisdiction cannot be premised on a federal question because the only federal statute cited is a criminal statute which has no private right of action in a civil case. They assert that these factors support dismissal under Federal Civil Procedure Rule 12(b)(6).

3

Plaintiff responded to the Defendant's Reply (Doc. No. 9) by stating that he did comply with Rule 8's notice pleading requirements. He also adds a claim for wire fraud under 18 U.S.C. § 1343. He contends this will support federal question jurisdiction. The Defendants moved to Strike the Sur Reply and the addition of the wire fraud claim (Doc. No. 10).

**STANDARD OF REVIEW**

Before the Court can examine whether the Complaint fails to state a claim upon which relief may be granted under Rule 12(b)(6), it first must determine whether it has subject matter jurisdiction to consider this case. Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), federal courts are always "under an independent obligation to examine their own jurisdiction," *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231(1990), and may not entertain an action over which jurisdiction is lacking. *See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982). Defects in subject matter jurisdiction cannot be waived by the parties and may be addressed by the Court on its own Motion at any stage of the proceedings. *Curry v. U.S. Bulk Transport, Inc*. 462 F.3d 536, 539-40 (6th Cir. 2006); *Owens v. Brock*, 860 F.2d 1363, 1367 (6th Cir. 1988).

**DISCUSSION**

Federal courts are courts of limited jurisdiction and, unlike state trial courts, they do not have general jurisdiction to review all questions of law. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Instead, they have only the authority to decide cases that the Constitution and Congress have empowered them to resolve. *Id*.

Generally speaking, the Constitution and Congress have given federal courts authority to hear a case only when diversity of citizenship exists between the parties, or when the case raises

4

a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The first type of federal jurisdiction, diversity of citizenship, is applicable to cases of sufficient value between "citizens of different states." 28 U.S.C. § 1332(a)(1). To establish diversity of citizenship, the Plaintiff must establish that he is a citizen of one state and all of the Defendants are citizens of states other than the state of which Plaintiff is a citizen. The citizenship of a natural person equates to his domicile. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990). The second type of federal jurisdiction relies on the presence of a federal question. This type of jurisdiction arises where a "well-pleaded Complaint establishes either that federal law creates the cause of action or that the Plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983).

Diversity of citizenship does not exist in this case. Although Defendants' counsel argues that diversity is not complete because the Defendants are both citizens of Ohio, (Doc. No. 8 at 2), this is an incorrect statement of law. Diversity of citizenship is complete so long as no Defendant is a citizen of the same state as the Plaintiff. *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir.1999). The Plaintiff is a citizen of Maine. Both Defendants are citizens of Ohio. Diversity of citizenship therefore is complete.

The problem with establishing diversity of citizenship is with the amount in controversy requirement. Diversity of citizenship can only provide a basis for federal court jurisdiction if the amount in controversy is over $75,000.00. The sum claimed by the Plaintiff in his request for relief controls if the claim is apparently made in good faith, unless it appears "to a legal certainty that the claim is really for less than the jurisdictional amount." *Rosen v. Chrysler Corp.*, 205 F.3d 918, 921 (6th Cir. 2000). Here, Plaintiff does not have a demand for damages. He seeks only

5

criminal charges against the Defendants. The estimates for the repairs to the truck are less than $8,000.00. He claims in his response to the Motion to Dismiss (Doc. No. 7) that the estimates for repairs far exceed the purchase price of the truck. That would make the purchase price less than $8,000.00. Even if the Court adds the repairs and the purchase price together, they fall far short of the jurisdiction amount of over $75,000.00. There are no facts alleged in the Complaint to support the jurisdictional amount. A Plaintiff in federal court has the burden of pleading sufficient facts to support the existence of the Court's jurisdiction. Fed.R.Civ.P. 8. Federal subject matter jurisdiction cannot be based on diversity of citizenship.

If federal jurisdiction exists in this case, it must be based on a claim created by federal law. In determining whether a claim arises under federal law, the Court looks only to the "well-pleaded allegations of the Complaint and ignores potential defenses" Defendants may raise. *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007). Although the well-pleaded-Complaint rule focuses on what Plaintiff alleges, it allows the Court to look past the words of the Complaint to determine whether the allegations ultimately involve a federal question. *Ohio ex rel. Skaggs*, 549 F.3d at 475. In addition to causes of action expressly created by federal law, federal-question jurisdiction also reaches ostensible state-law claims that: (1) necessarily depend on a substantial and disputed federal issue, (2) are completely preempted by federal law or (3) are truly federal-law claims in disguise. *See Mikulski*, 501 F.3d at 560; *City of Warren v. City of Detroit*, 495 F.3d 282, 286 (6th Cir. 2007).

Here, Plaintiff is proceeding *pro se* and *pro se* plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings. *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999). Indeed, this standard of liberal construction "requires active interpretation ... to construe a *pro se* petition 'to encompass any allegation stating federal relief.'" *Haines*, 404 U.S. at 520. Even with

6

that liberal construction, however, Plaintiff failed to properly identify a federal cause of action that can be raised in a civil proceeding. He cites to 18 U.S.C. § 1001 and 18 U.S.C. § 1343. As Defendants point out, these are criminal statutes that provide for criminal penalties. Criminal actions in the federal courts are initiated by the United States Attorney. 28 U.S.C. § 547; Fed. R. Crim. P. 7(c). The Court does not initiate them. Moreover, criminal statutes do not provide a cause of action for private parties in a civil case. *See Booth v. Henson*, No. 06-1738, 2008 WL 4093498, at *1 (6th Cir. Sept. 5, 2008); *U.S. v. Oguaju*, No. 02-2485, 2003 WL 21580657, *2 (6th Cir. July 9, 2003); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir.1994). These are the only federal causes of action that are cited in the Complaint. They do not provide a basis for subject matter jurisdiction.

**CONCLUSION**

Accordingly, this action is dismissed for lack of federal subject matter jurisdiction. The dismissal is without prejudice to any claims Plaintiff may have against Defendants arising under state law. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date: 9/14/2021

s/Pamela A. Barker
PAMELA A. BARKER
U. S. DISTRICT JUDGE